**ABIRI LAW, PC**
Robert Abiri (SBN 238681)
rabiri@abirilaw.com
30021 Tomas St., Ste. #300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2133
Facsimile: (949) 534-4367

*Attorney for Plaintiffs and the*
*Putative Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOURTNEY RUSOW and ARNETTA WILLIAMS, on behalf of themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOLIE SKIN COMPANY, INC., <br><br> Defendant. | CASE NO.: 3:26-cv-02411 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiffs Kourtney Rusow and Arnetta Williams (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against Defendant Jolie Skin Company, Inc. ("Defendant") based on the false and deceptive advertising and labeling of Defendant's attachable showerhead and replaceable filters. Plaintiffs make the following allegations based on their personal knowledge, and upon the information, investigation and belief of their counsel.

**INTRODUCTION**

1.      As consumer awareness of, and interest in, beauty, health, and wellness rise, consumer demand for effective water filter systems is similarly rising. Shower filters specifically are also experiencing significant growth, driven by increasing consumer awareness of water quality issues.[1] Unfiltered shower water is generally filled with contaminants such as chlorine and other impurities and poses a number of risks to skin, hair, and overall health.[2] As the largest organ in the human body, the skin is repeatedly exposed to concentrated amounts of contaminants while showering with unfiltered water, such as chlorine.[3] Chlorine can cause a number of health issues including hair and skin irritation, worsening conditions such as eczema or psoriasis, and eye irritation, causing redness and stinging.[4] Additionally, prolonged exposure to chlorine vapor in hot showers may pose respiratory risks to children and individuals with sensitivities.[5]

2.      As a result of increasing awareness of the impurities and contaminants in shower water, consumers are progressively turning to shower filters to help improve the quality of their water as well as their overall health. North America, in fact, is one of the key leaders driving the significant demand for effective shower filters.[6]

---

[1] https://www.accio.com/business/trends-of-shower-filter (last visited March 18, 2026).

[2] https://lonestarwater.net/blog/shower-water-safety-filtration/ (last visited March 18, 2026).

[3] *Id*.

[4] https://uswatersystems.com/blogs/blog/the-hidden-dangers-of-chlorine-in-your-shower-water-pending?_pos=1&_sid=1bf74e1bc&_ss=r (last visited March 18, 2026).

[5] https://lonestarwater.net/blog/shower-water-safety-filtration/ (last visited March 18, 2026).

[6] https://www.wiseguyreports.com/reports/shower-filter-market (last visited March 18, 2026).

-1-
**CLASS ACTION COMPLAINT**

3.    Unfortunately for millions of consumers nationwide, Defendant exploits this demand by manufacturing and selling its Jolie Filtered Showerhead and Replacement Filters (the "Products") with false representations. Defendant prominently markets and advertises the Products by unambiguously stating the Products *remove* impurities and contaminants, such as chlorine. But the Products fail to deliver on these promises. Instead, the Products do not actually *remove* chlorine from shower water. Rather, the Products only *reduce* the presence of chlorine, leaving approximately one-third of the chlorine in the water. This class action challenges Defendant's false and deceptive marketing and sale of these Products.

4.    Consumers who purchased the Products do so under the false impression they are buying a product that removes, rather than reduces, chlorine from their shower water.

5.    Plaintiffs and other consumers have reasonably relied on Defendant's deceptive marketing of the Products, reasonably believing they will remove (and thus eliminate or nearly eliminate to negligible levels) the chlorine from their shower water, as stated by Defendant. In reality, Defendant's Products only reduce the presence of chlorine by 66%.

6.    Had Plaintiffs and Class members been aware that the Products in fact did not actually *remove* chlorine, and instead only reduced it, they would not have purchased the Products, or would have paid significantly less for them. Accordingly, Plaintiffs and Class members have been injured by Defendant's deceptive business practices and paid a price premium based upon their reliance on Defendant's representations.

**JURISDICTION AND VENUE**

7.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Class.

8.    This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally availed itself of the markets within California, through its sale of the Products in California and to California consumers.

-2-
**CLASS ACTION COMPLAINT**

9.    Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Specifically, Plaintiff Rusow purchased the Product in this District.

## THE PARTIES

10.    Plaintiff Rusow is a citizen of the United States and the State of California. In April of 2023, Plaintiff Rusow purchased the showerhead Product from Defendant's website, and also signed up for a subscription for the replacement filter cartridge Product which continued until September 2025. Based on the Product's advertising and marketing on the website, Plaintiff Rusow reasonably believed the Product would "remove chlorine" according to the ordinary meaning of the term "remove"—that is, to eliminate or take away entirely, or at least to reduce to negligible levels—not merely to partially reduce chlorine by only 66%, leaving one-third remaining. Had she known the truth, she would not have purchased the Product or would have paid significantly less for it. Therefore, Plaintiff Rusow suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as described herein.

11.    Plaintiff Williams is a citizen of the United States and the State of New York. In June 2025, Plaintiff Williams purchased the showerhead Product from Defendant's Amazon store. Based on the Product's advertising and marketing, Plaintiff Williams reasonably believed the Product would "remove chlorine" according to the ordinary meaning of the term "remove"—that is, to eliminate or take away entirely, or at least to reduce to negligible levels—not merely to partially reduce chlorine by only 66%, leaving one-third remaining. Had she known the truth, she would not have purchased the Product or would have paid significantly less for it. Therefore, Plaintiff Williams suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as described herein.

12.    Defendant is a Delaware corporation and upon information and belief, maintains its principal place of business in New York. Defendant is an industry leader in shower water filters, selling products like the ones challenged in this Complaint.

## CLASS ACTION COMPLAINT

## FACTUAL ALLEGATIONS

13.    Defendant prominently markets the Products as being able to "remove chlorine, heavy metals & other contaminants from your shower water." *See below:*



**CLASS ACTION COMPLAINT**



★★★★★    4.9/5  2242 Reviews

# THE REPLACEMENT FILTER

## YOUR ESSENTIAL BEAUTY WELLNESS TOOL

Remove chlorine, heavy metals & other contaminants from your shower water.

**CLASS ACTION COMPLAINT**



- #1 FILTERED SHOWERHEAD TRUSTED BY DERMATOLOGIST TO IMPROVE SKIN AND HAIR- Take care of your body with clean and refreshing filtered water everyday. Meet Jolie, the perfect shower accessory for your skin and haircare routine. It removes chlorine, heavy metals & other contaminants, which all contribute to many common skin & hair issues, such as dry skin, eczema, flaky dandruff, damaged hair, change in hair color, and rashes/irritation.

**CLASS ACTION COMPLAINT**

11:56

jolieskinco Limited Time Offer | $98
Jolie is the world's #1 shower filter and the only one clinically proven to transform skin and hair.

Here's what our 500,000+ customers love:
☑ 81% Experienced Less Hair Shedding
☑ 71% Experienced Less Acne
☑ 69% Experienced Less Scalp Itchiness
☑ 40% Experienced Less Hair Frizz
☑ Fuller, Smoother Hair
☑ A Healthy Scalp
☑ Glowing, Hydrated Skin
☑ Less Red, Irritated Skin
☑ Less Eczema & Psoriasis Flare Ups
☑ #1 Shower Head Trusted By Doctors & Dermatologist

Remove chlorine, heavy metals & other contaminants from your shower water for better hair and skin.

Visit jolieskinco.com to read hundreds of five star reviews ⭐⭐⭐⭐⭐ and what makes Jolie the world's best shower filter.

14. Defendant prominently and consistently markets the Products are capable of "removing" contaminants such as chlorine.[7] The commonly understood meaning of "remove" is to eliminate or get rid of.[8] Consistent with that meaning, reasonable consumers understand a claim that a product "removes chlorine" to mean that it eliminates, or at least removes to negligible levels, chlorine from the water; not that it merely reduces chlorine by a limited percentage. In reality, the Products reduce chlorine by only approximately 66%, leaving a substantial amount of chlorine behind. Defendant's representations are therefore false, misleading, and likely to deceive reasonable consumers.

---

[7] Following receipt of Plaintiffs' demand letter, Defendant changed the language on its website to no longer reference "remove" with respect to chlorine for its Showerhead.

[8] https://www.merriam-webster.com/dictionary/remove (last visited March 18, 2026).

**CLASS ACTION COMPLAINT**

15. Defendant's own testing demonstrates that its Products only *reduce* chlorine by 66%. This directly conflicts with Defendant's own representations. By way of illustration, if a stain remover left approximately one-third of every stain behind, consumers would not regard the product as having "removed" the stain. At most, it would have reduced it. Defendant, however, continues to market its Product as removing chlorine.

16. As a result, the marketing and advertising is false and misleading because it represents the Products will eliminate or remove chlorine, when they do not.

17. Plaintiffs and other consumers purchased the Products relying on Defendant's representations.

18. The reasonable belief held by Plaintiffs and consumers that the Products would remove chlorine as represented was a significant factor in their decision to purchase the Products.

19. Based on these representations, Plaintiffs and Class members did not know, and had no reason to know, that the Products would not remove, and only would reduce chlorine by 66%, leaving one-third the chlorine in the water.

20. As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products falsely and deceptively represent the efficacy of chlorine reduction.

21. Defendant also knew or should have known that Plaintiffs and other consumers, in purchasing the Products, would rely on Defendant's representations. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers into believing that they are getting a product which eliminants or removes chlorine instead of reducing it.

22. Consumers are willing to pay more for the Products based on the belief that they will eliminate, or remove, contaminants such as chlorine. In other words, using misleading representations, Defendant commands a price that Plaintiffs and the Class would not have paid had they been fully informed. Had Plaintiffs and the Class been aware that the Products do not eliminate or remove chlorine, they would have purchased a different product or paid significantly less for the Products.

**CLASS ACTION COMPLAINT**

23.    Using misleading representations, Defendant also created increased market demand for the Products and increased its market share relative to what its demand and share would have been had it marketed the Products truthfully.

24.    Therefore, Plaintiffs and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

25.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**

All persons who purchased the Products in the United States within the applicable statute of limitations period.

**California Class**

All persons who purchased the Products in the state of California within the applicable statute of limitations period.

**California Consumer Subclass**

All persons who purchased Products in the state of California, for personal, family, or household purposes, within the applicable statute of limitations period.

**New York Class**

All residents of New York who purchased the Products in New York within the applicable statute of limitation period ("New York Class").

26.    The foregoing classes are referred to collectively as the "Class" or "Classes."

27.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

28.    Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether certification is appropriate.

**CLASS ACTION COMPLAINT**

29.   <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Products are sold throughout California, New York and the nation at various retailers as well as online. The number of individuals who purchased the Products during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable.

30.   Common Questions Predominate: There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

    a.   Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the labeling, marketing, distribution, and sale of the Products;

    b.   Whether Defendant's use of false or deceptive labeling and advertising constituted false or deceptive advertising;

    c.   Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

    d.   Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

    e.   Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and in what amount;

    f.   Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

    g.   Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

31.   Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and Class members. Similar or

**CLASS ACTION COMPLAINT**

identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive advertising of the Products. Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of illegal conduct. Each Class member has been exposed to the same deceptive practice, as each of the Products: (a) was marketed as being able to "remove chlorine, heavy metals, & other contaminants", and (b) does not eliminate, or remove, chlorine. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

32.    Superiority: Because of the relatively small amount of damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

33.    Typicality: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

34.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

35.    Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**CLASS ACTION COMPLAINT**

**FIRST CLAIM FOR RELIEF**
Violation of California's Consumers Legal Remedies Act
California Civil Code § 1750, *et seq.*
(*for California Consumer Subclass*)

36.    Plaintiff Rusow repeats the allegations contained in paragraphs 1-35 above as if fully set forth herein.

37.    Plaintiff Rusow brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

38.    The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff Rusow and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

39.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have..." By advertising the Products as being able to "remove chlorine…from your shower water," Defendant has represented and continues to represent that the Products have characteristics that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

40.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products as being able to "remove chlorine… from your shower water," Defendant has represented and continues to represent that the Products are of a particular standard (i.e., are able to eliminate chlorine) which they do not possess. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

41.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Products as being able to "remove chlorine… from your shower water" but not intending to sell the Products as such, Defendant has violated section 1770(a)(9) of the CLRA.

42.    At all relevant times, Defendant has known or reasonably should have known that the Products were not able to eliminate or remove chlorine from shower water, and that Plaintiff

-12-
**CLASS ACTION COMPLAINT**

Rusow and other members of the California Consumer Subclass would reasonably and justifiably rely on the marketing in purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing that the Products remove chlorine when they do not.

43. Plaintiff Rusow and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff Rusow and members of the California Consumer Subclass.

44. Plaintiff Rusow and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products do not remove chlorine.

45. In accordance with Cal. Civ. Code § 1780(d), Plaintiff Rusow is filing a declaration of venue, attached hereto as Exhibit A to this Complaint.

46. On October 17, 2025, Plaintiff Rusow's counsel sent a notice letter by certified mail to Defendant, putting Defendant on notice of Plaintiff Rusow's intent to pursue claims under the CLRA, and provided Defendant an opportunity to cure, consistent with Cal. Civ. Code § 1782. Because Defendant failed to take corrective action within 30 days of receipt of the notice letter, Plaintiff Rusow is filing this complaint with a request for damages as permitted under Cal. Civ. Code § 1782(d).

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500,** *et seq*
*(for the California Class)*

47. Plaintiff Rusow repeats the allegations contained in paragraphs 1-35 above as if fully set forth herein.

48. Plaintiff Rusow brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

-13-
**CLASS ACTION COMPLAINT**

49.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

50.     Defendant has represented and continues to represent to the public, including Plaintiff Rusow and members of the California Class, through its deceptive labeling, that the Products are able to remove chlorine from their shower water. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

51.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff Rusow and members of the California Class. Plaintiff Rusow requests that this Court cause Defendant to restore this fraudulently obtained money to her and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Rusow and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL"),
California Business & Professions Code § 17200, *et seq.*
(*for the California Class*)**

52.     Plaintiff Rusow repeats the allegations contained in paragraphs 1-35 above as if fully set forth herein.

53.     Plaintiff Rusow brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California Business & Professions Code § 17200 ("UCL").

-14-
**CLASS ACTION COMPLAINT**

54.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . ."

55.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff Rusow and members of the proposed California Class.

56.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Product's labeling. Deceiving consumers as to the efficacy of the Products is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff Rusow and members of the proposed California Class.

57.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are able to eliminate or remove chlorine from their shower water. Because Defendant misled Plaintiff Rusow and members of the proposed California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff Rusow and members of the proposed California Class.

-15-
**CLASS ACTION COMPLAINT**

58.    Plaintiff Rusow requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Rusow and members of the proposed California Class, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty
### Cal. Com. Code § 2313
### (*for the California Class*)

59.    Plaintiff Rusow repeats the allegations contained in paragraphs 1-35 above as if fully set forth herein.

60.    Plaintiff Rusow brings this claim individually and on behalf of the members of the proposed California Class against Defendant for breach of express warranty under Cal. Com. Code § 2313.

61.    California's express warranty statute provides that: "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." *See* Cal. Com. Code § 2313.

62.    Defendant has expressly warranted on the Product's advertising that it is capable of removing chlorine from shower water. However, as alleged herein, this express representation is patently false, as the Products do not eliminate, or remove, chlorine from shower water.

63.    These representations about the Products: (a) are affirmations of fact or promises made by Defendant to consumers; (b) became part of the basis of the bargain to purchase the Products when Plaintiff Rusow and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as

**CLASS ACTION COMPLAINT**

part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product description.

64. Plaintiff Rusow and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

65. Defendant has breached the express warranties made to Plaintiff Rusow and members of the California Class by failing to manufacture the Products with the ability to remove chlorine as represented on the advertising and marketing of the Products.

66. Plaintiff Rusow and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff Rusow and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with the Products.

67. As a result, Plaintiff Rusow and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**Cal. Com. Code § 2314**
(*for the California Class*)

68. Plaintiff Rusow repeats the allegations contained in paragraphs 1-35 above as if fully set forth herein.

69. Plaintiff Rusow brings this claim individually and on behalf of the members of the proposed California Class against Defendant for breach of implied warranty under Cal. Com. Code § 2314.

70. California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *See* Cal. Com. Code § 2314(1).

71. California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of

-17-

**CLASS ACTION COMPLAINT**

fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

72. Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

73. By advertising the Products with its current marketing, Defendant made a promise on the label that the Products are capable of removing chlorine from shower water. But the Products have not "conformed to the promises…made on the container or label" because they do not remove, or eliminate, chlorine from shower water. Plaintiff Rusow, as well as California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

74. If Plaintiff Rusow and members of the California Class had known that the Products were not capable of removing or eliminating chlorine from their shower water, they would not have been willing to pay the premium price associated with it. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff Rusow and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Violation of New York General Business Law § 349**
***(On Behalf of the New York Class)***

75. Plaintiff Williams repeats and realleges Paragraphs 1-35 as if fully set forth herein.

76. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

77. Defendant's conduct alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Williams and the New York Class seek monetary damages against Defendants.

78. Defendant misleadingly, inaccurately, and deceptively advertises and markets the Products to consumers.

-18-
**CLASS ACTION COMPLAINT**

79.    Defendant's improper consumer-oriented conduct—including labeling and advertising the Products as being able to "remove chlorine"—is misleading in a material way in that it, *inter alia,* induced Plaintiff Williams and New York Class Members to purchase and pay a premium for Defendant's Products when they otherwise would not have. Defendant made its misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

80.    Plaintiff Williams and the New York Class have been injured inasmuch as they paid a premium for Products that did not—contrary to Defendant's representations—remove chlorine from their shower water. Accordingly, Plaintiff Williams and the New York Class Members received less than what they bargained and/or paid for.

81.    Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Williams and the New York Class have been damaged thereby.

82.    As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff Williams and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**Violation of New York General Business Law § 350**
***(On Behalf of the New York Class)***

83.    Plaintiff Williams repeats and realleges Paragraphs 1-35 as if fully set forth herein.

84.    New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

85.    GBL § 350-a(1) provides, in part, as follows:

The term "false advertising" means advertising, including labeling,

of a commodity, or of the kind, character, terms or conditions of any

employment opportunity if such advertising is misleading in a

-19-
**CLASS ACTION COMPLAINT**

material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

…

86. Defendant's advertising of the Products as being able to "remove chlorine" is a materially misleading representation inasmuch as the Products are not able to remove or eliminate chlorine from shower water, which affects consumers' decisions to purchase the Products.

87. Plaintiff Williams and the New York Class have been injured inasmuch as they paid a premium for Products that do not—contrary to Defendants' representations—remove, or eliminate, chlorine from shower water. Accordingly, Plaintiff Williams and the New York Class Members received less than what they bargained and/or paid for.

88. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

89. Defendant's labeling of the Products induced Plaintiff Williams and the New York Class to buy Defendant's Products.

90. Defendant made the representation that the Products "remove chlorine" willfully, wantonly, and with reckless disregard for the truth.

91. As a result of Defendant's deceptive acts and practices, Plaintiff Williams and New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all money obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

-20-

**CLASS ACTION COMPLAINT**

## EIGHTH CLAIM FOR RELIEF
### Violations of Breach of Express Warranty (N.Y. U.C.C. § 2-313)
### *(On behalf of the New York Class)*

92.    Plaintiff Williams repeats and realleges Paragraphs 1-35 as if fully set forth herein.

93.    Plaintiff Williams brings this claim on behalf of herself and the New York Class for breach of express warranty under N.Y. U.C.C. § 2-313.

94.    Plaintiff Williams and members of the New York Class formed a contract with Defendant at the time they purchased the Products. As part of that contract, Defendant represented the Products are capable of being able to "remove chlorine."

95.    This representation constitutes an express warranty and become part of the basis of the bargain between Plaintiff Williams and members of the New York Class, on the one hand, and Defendant, on the other.

96.    Defendant made the representation to induce Plaintiff Williams and members of the New York Class to purchase the Products, and Plaintiff Williams and the New York Class relied on the representation in purchasing the Products.

97.    All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff Williams and the New York Class.

98.    Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

99.    Defendant breached the express warranties about the Products because, as alleged above, the Products do not remove or eliminate chlorine from shower water.

100.    As a result of Defendant's breaches of express warranty, Plaintiff Williams and the New York Class members were damaged in the amount of the premium price they paid for the Products, in amounts to be proven at trial.

**CLASS ACTION COMPLAINT**

101.    In February 2026, Plaintiff Williams discovered this breach. On February 23, 2026, Plaintiff Williams, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendant providing notice of its breach.

## NINTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
(*for all Classes*)

102.    Plaintiffs repeat the allegations contained in paragraphs 1-35 above as if fully set forth herein.

103.    Plaintiffs bring this claim individually and on behalf of the Classes against Defendant.

104.    As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiffs and the Classes to induce them to purchase the Products. Plaintiffs and the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant, and therefore have been induced by Defendant's misleading and deceptive representations about the Products and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

105.    Plaintiffs and members of the Classes have conferred a benefit upon Defendant, as Defendant has retained monies paid to it by Plaintiffs and members of the Classes.

106.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes—i.e., Plaintiffs and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

107.    Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it.

108.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, respectfully pray for the following relief:

A.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

B.    A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

D.    An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.    An award of all economic, monetary, actual, consequential, statutory, compensatory, and treble damages caused by Defendant's conduct;

F.    An award of punitive damages;

G.    An award to Plaintiffs and their counsel of their reasonable expenses and attorneys' fees;

H.    An award to Plaintiffs and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I.    For such further relief that the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: March 19, 2026                              **ABIRI LAW, PC**

By:    /s/ Robert Abiri

Robert Abiri
rabiri@abirilaw.com
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
t. 949.459.2133
f. 949.534.4367

*Attorneys for Plaintiffs and the Putative Classes*

-24-
**CLASS ACTION COMPLAINT**