UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOURTNEY RUSOW, et al.,<br>Plaintiffs,<br>v.<br>JOLIE SKIN COMPANY, INC.,<br>Defendant. | Case No. 26-cv-02411-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Jolie's motion to dismiss is denied as to the chlorine removal claims and granted as to the hair growth claims. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

1. The complaint plausibly alleges that a reasonable consumer would likely be misled by the "removes chlorine" representation; i.e., that they would think that the products effectively eliminate chlorine, which is inconsistent with the actual result of a 66% reduction in chlorine. The chlorine removal representation is not puffery as a matter of law because it is plausibly a "specific and measurable advertisement claim of product superiority based on product testing," rather than a product superiority claim that is "vague or highly subjective." *Southland Sod Farms v. Stover Seed Company*, 108 F.3d 1134, 1145 (9th Cir. 1997). It would be one thing if the products claimed to "*reduce* contaminants, not remove them," but that's not the representation that Jolie made. *See Brown v. Brita Products Company*, 2024 WL 4815354, at *4 (C.D. Cal. Sep. 30, 2024) (finding that representations that a water filter "reduces" chlorine and other contaminants do not mislead a reasonable consumer into thinking that the filter completely removes them). And the complaint adequately alleges that "removes chlorine" is unambiguous

and thus Jolie's study (even if clearly linked to on all pages from which the plaintiffs purchased the product, which seems doubtful) may not be considered together with the "front label" chlorine removal representation. *See McGinity v. Procter & Gamble Company*, 69 F.4th 1093, 1098 (9th Cir. 2023).

2. The complaint does not plausibly allege that a reasonable consumer would likely be misled by the hair growth representations. Jolie's representations about decreased hair shedding, etc., are not inconsistent with evidence suggesting that the showerhead's chlorine reduction results in less hair breakage. A reasonable consumer would not expect more, as it is unreasonable to expect a showerhead to literally regrow hair follicles the way that a medication might.

Dismissal of the hair growth claims is with leave to amend; that is, the plaintiffs have 14 days from this order to file an amended complaint that clarifies that plaintiff Clifft brings chlorine removal claims. Jolie's response is due 14 days thereafter. Discovery may begin immediately after the amended complaint is filed.

**IT IS SO ORDERED.**

Dated: September 8, 2026

VINCE CHHABRIA
United States District Judge